## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 11 2019, 10:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Emilee L. Stotts
Huntington County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary Lee Allred,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 11, 2019

Court of Appeals Case No.
18A-CR-1538

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1704-F6-95

**Pyle, Judge.**

# Statement of the Case

Gary Allred ("Allred") appeals his conviction for Level 6 felony auto theft.[1] He argues that the trial court abused its discretion by giving an accomplice liability preliminary instruction, which he contends substantially prejudiced his right to present a defense. Concluding that Allred's substantial rights were not prejudiced and that the trial court did not abuse its discretion, we affirm Allred's conviction.

We affirm.

# Issue

> Whether the trial court abused its discretion by instructing the jury on the law regarding accomplice liability.

# Facts

On January 12, 2017, Allred accompanied his lifelong friend, Jami Karst ("Karst"), to test-drive cars. The two went to a local car lot, and Karst decided to test-drive a black 2001 Kia Sportage. As Karst drove the vehicle, she and Allred had a conversation about stealing the car. Karst eventually drove the car to a nearby hardware store. Allred took the original key to the car and entered the store where he had a copy of the key made. Allred then gave both the

---

[1] IND. CODE § 35-43-4-2.5 (2017). This statute was repealed effective July 1, 2018.

original key and duplicate to Karst, and she left the hardware store to return the car.

[4] Later that night, Karst returned to the car lot, unlocked the Kia with the newly-created key, and drove the car away. Karst picked up Allred, as well as her son and her son's friend. The group then drove to Florida. Eventually, the car broke down, and they abandoned it in Florida.

[5] After returning to Indiana, the State charged Allred with Level 6 felony auto theft. Karst was interviewed by police about her connection with the theft of the car. Initially, she told police that Allred was the individual who stole the car from the lot. However, two days before Allred's jury trial, Karst told Allred's counsel that she would testify that she was the individual who returned at night and stole the car. The next day, Karst informed the State that her anticipated testimony was going to change.

[6] Based on Karst's disclosure the day before trial, the State tendered the following preliminary instruction ("Preliminary Instruction 8"):

> Aiding, Inducing, or Causing a crime, I.C. 35-41-2-4
>
> A person who knowingly or intentionally aids, induces, or causes another person to commit Auto Theft is guilty of Auto Theft, even though he does not personally participate in each act constituting Auto Theft.
>
> A person may be convicted of Auto Theft by knowingly aiding, inducing, or causing another to commit Auto Theft, even if the other person has not been prosecuted for, has not been convicted of, or has been acquitted of Auto Theft.

> In order to commit Auto Theft by aiding, inducing or causing another to commit Auto Theft, a person must have knowledge that he is aiding, inducing, or causing the commission of Auto Theft. To be guilty, he does not have to personally participate in the crime nor does he have to be present when the crime is committed. Merely being present at the scene of the crime is not sufficient to prove that he aided, induced, or caused the crime. Failure to oppose the commission of the crime is also insufficient to prove aiding, inducing or causing another to commit the crime. But presence at the scene of the crime and/or failure to oppose the crime's commission are factors which may be considered in determining whether there was aiding, inducing, or causing another to commit the crime.

(App. 35).

[7] On the day of Allred's jury trial, the trial court asked if there were any objections to the preliminary jury instructions. Allred's counsel objected to the inclusion of Preliminary Instruction 8, stating, "I would object primarily because its been presented to me without any ample time to prepare my case or my defense with the Defendant on this particular . . . instruction here. I feel that the . . . Defendant is being unfairly . . . and unjustly treated by having to now defend from a different direction and I would ask that the instruction be removed." (Tr. 39-40). The trial court overruled the objection and gave the instruction.

[8] At trial, Karst testified that while she was the individual who took the car off the car lot, Allred was aware of and actively participated in the theft of the car. Karst testified, in relevant part, as follows:

> [State]: Did [Allred] know that you were planning to steal the car?

[Karst]: Yes.

[State]: Did you discuss it with him prior to going to [the hardware store]?

[Karst]: Yes.

* * *

[State]: Did you guys talk about stealing the car prior to even going to the car lot?

[Karst]: Yes.

[State]: Why was he making the key then?

[Karst]: So I could go back later and take [the car].

(Tr. 111).

[9] Allred also testified and offered testimony contrary to Karst. He testified that he had no knowledge of the auto theft, did not participate in the auto theft, and that Karst alone was responsible for stealing the car. Allred also admitted that he had a copy of the key made. During closing arguments, Allred's defense was twofold. First, he argued that Karst alone was responsible for stealing the car. Second, he argued that he did not knowingly or intentionally aid, induce, or cause Karst to steal the car. The jury subsequently found Allred guilty of auto theft, and he admitted to being an habitual offender. The trial court then sentenced Allred to two and one-half (2½) years for the auto theft conviction and enhanced the sentence by four (4) years for being an habitual offender, resulting in an aggregate sentence of six and one-half (6½) years. Allred now appeals.

# Discussion

[10] Allred argues that the trial court erred when it gave Preliminary Instruction 8. We afford trial courts broad discretion in the manner of instructing a jury, and we review such decisions only for an abuse of discretion. *Hayden v. State*, 19 N.E.3d 831, 838 (Ind. Ct. App. 2014), *reh'g denied*, *trans. denied*. When reviewing a jury instruction on appeal, we look to: (1) whether the tendered instruction correctly states the law; (2) whether there is evidence in the record to support giving the instruction; and (3) whether the substance of the proffered instruction is covered by other instructions. *Id.* We will reverse a conviction only where the appellant demonstrates that an error in the jury instructions prejudiced his substantial rights. *Id.* Further, we note that the purpose of jury instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. *Id.*

[11] Here, Allred concedes that the "jury instruction properly states the law[.]" (Allred's Br. 10). He also does not argue that the evidence in the record did not support giving the jury instruction or that the substance of the instruction was covered by other instructions. Rather, Allred contends that "he was not afforded the opportunity to proffer a reasonable defense and his substantial rights were prejudiced by allowing this instruction." (Allred's Br. 7).

[12] To the extent that Allred argues that he was not able to present a reasonable defense, our review of the record reveals otherwise. Allred testified on his own

behalf and put forward the defense that he had no knowledge of the auto theft, did not participate in the auto theft, and that Karst alone was responsible for stealing the car. Allred states that prior to the inclusion of Preliminary Instruction 8, "[he] had [a] meaningful opportunity to prepare a defense, namely that Ms. Karst took the vehicle instead of him, one that he had prepared to testify to, and did testify to at trial." (Allred's Br. 10). However, on appeal, Allred has failed to explain what his defense would have been or how the trial court's preliminary instruction substantially prejudiced his right to present a defense. Indeed, he makes broad assertions about needing time to "change[] the manner in which he had to defend his case" but identifies no particular action he was precluded from taking due to a lack of time. (Allred's Br. 11). Although the right to present a defense, which includes the right to present the defendant's version of the facts, is of the utmost importance, it is not absolute. *Marley v. State*, 747 N.E.2d 1123, 1132 (Ind. 2001). Despite Allred's claims, we find that he was able to present a defense. Here, Allred presented his version of the facts when he testified that he did not aid Karst in auto theft. As a result, the trial court did not abuse its discretion in giving Preliminary Instruction 8.

[13] Affirmed.

Najam, J., and Altice, J., concur.